**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0549-23

STEPHANIE CSAKEN,

     Plaintiff-Appellant,

v.

GORDON BYRON MEAD,

     Defendant-Respondent.

_____

> Argued October 1, 2024 – Decided October 11, 2024
>
> Before Judges Gilson and Augostini.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1111-09.
>
> D. Ryan Nussey argued the cause for appellant (Klineburger and Nussey, attorneys; D. Ryan Nussey, on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

Plaintiff Stephanie Csaken appeals from a September 22, 2023 order denying her request for reunification therapy with the parties' child. Since the filing of this appeal, the minor has turned eighteen. Thus, we dismiss the appeal as moot.

The parties were divorced on October 29, 2009. They have one child born in 2006. At the time of their divorce, the parties agreed to share legal custody with plaintiff being the parent of primary residence and defendant having scheduled parenting time.

In February 2021, the minor, who at the time was nearly fifteen years old, ran away from plaintiff's home. The court granted defendant temporary, emergency custody, and since then, the minor has resided with defendant. During the protracted litigation, plaintiff had only limited contact with the minor and no parenting time.

Plaintiff sought reunification therapy to restore her relationship with the minor. Defendant argued that the court should defer to the wishes of the minor, who objected to attending reunification therapy.

The court conducted a plenary hearing to determine whether the minor should be compelled to attend reunification therapy and to address defendant's

2

request for sole custody. At the time of the plenary hearing in 2023, the minor was seventeen years and five months old.

In denying plaintiff's request to compel reunification therapy, the court found that it would not be in the child's best interest to "force her participation" over her objections. The court noted that given the child's age, and "what has transpired over the past two years," reunification therapy is not a viable option because there was little chance of success.

During the pendency of this appeal, the daughter turned eighteen, the age-of-majority. See N.J.S.A. 9:17B-3. In that regard, at oral argument before us, counsel for plaintiff stated that the daughter had been emancipated. This appeal, therefore, is mooted by the daughter's emancipation because the family court can no longer order reunification therapy. See Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010); see also Redd v. Bowman, 223 N.J. 87, 104 (2015) ("An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'") (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22, (App. Div. 2011) (internal quotation marks omitted)).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0549-23